Sevan Gobel, Esq. (SBN: 221768)
   sgobel@lbbklaw.com
LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Boulevard, Suite 1000
Los Angeles, CA 90017
Telephone:  (213) 817-9152
Facsimile:  (213) 817-9154

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA ORTIZ,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION and DOES 1 to 25, Inclusive,<br><br>　　　　　　Defendants. | CASE NO.<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)**<br><br>[Filed Concurrently with the Declaration of Sevan Gobel; Notice of Interested Parties**]**<br><br>State Action filed: 3/24/2022 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant COSTCO WHOLESALE CORPORATION ("COSTCO"), hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(b) and removes Case No. 30-2022-01251578-CU-PO-CJC (the State Court Action) from the Superior Court of the State of California, County of Orange.

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA  90017

**LAGASSE BRANCH BELL + KINKEAD LLP**
**626 Wilshire Blvd, Suite 1000**
**Los Angeles, CA 90017**

## I.   PLEADINGS AND PROCEEDINGS TO DATE

1.     On March 24, 2022, the State Court Action was commenced in the Superior Court of the State of California in and for the County of Orange under Case No. 2022-01251578-CU-PO-CJC. In the State Court Action, Plaintiff SARA ORTIZ set forth causes of action for: (1) Negligence; and (2) Premises Liability against Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 25.

2.     On March 31, 2022, Plaintiff served COSTCO with the Summons and Complaint in the State Court Action. True and correct copies of the Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, and Alternative Dispute Resolution (ADR) Information Package are attached as Exhibit A to the Declaration of Sevan Gobel (Gobel Decl.) filed concurrently herewith. Gobel Decl. ¶ 3.

3.     On April 19, 2022, COSTCO filed and served an Answer to the Complaint in the State Court Action. A true and correct copy of COSTCO's Answer is attached as Exhibit B to the Gobel Declaration filed concurrently herewith. Gobel Decl. ¶ 4.

4.     Plaintiffs' Complaint is silent as to the amount in controversy or monetary damages. Gobel Decl. ¶ 5; see Complaint, passim (Gobel Decl., Exhibit A).

5.     On June 20, 2022, Plaintiff served responses to Request for Admissions, Set One, wherein plaintiff admitted in response to Request No. 26 that she is a citizen of the State of California. A true and correct copy of Plaintiff's Responses to Request for Admissions, Set One, is attached hereto as Exhibit C to the Gobel Declaration filed concurrently herewith. Gobel Decl. ¶ 6.

6.     On June 20, 2022, Plaintiff served responses to Form Interrogatories, Set One, wherein plaintiff stated in response to Interrogatory No. 2.5 that her residence is located at 24921 Muirlands Blvd., Apt 36, Lake Forest, California

-2-

1   92630. A true and correct copy of Plaintiff's Responses to Form Interrogatories,

2   Set One, is attached hereto as Exhibit D to the Gobel Declaration filed

3   concurrently herewith. Gobel Decl. ¶ 7.

4     7. On June 20, 2022, Plaintiff served responses to Form Interrogatories,

5   Set One, wherein plaintiff stated in response to Interrogatory No. 6.4 which show

6   total damages of $104,158.22 for medical expenses. A true and correct copy of

7   Plaintiff's Responses to Form Interrogatories, Set One, is attached hereto as

8   Exhibit D to the Gobel Declaration filed concurrently herewith. Gobel Decl. ¶ 8.

9   

## II. TIMELINESS OF REMOVAL

10     8. When a case stated by the initial pleading is not removable, a notice of

11   removal may be filed within 30 days after receipt by the defendant, through service

12   or otherwise, of a copy of an amended pleading, motion, order, or other paper from

13   which it may first be ascertained the case is subject to removal. 28 U.S.C. §

14   1446(b)(3).

15     9. Here, COSTCO learned on June 20, 2022, the amount in controversy

16   exceeded the requirement for Federal diversity jurisdiction, as Plaintiff's stated in

17   response to discovery that her damages exceed the sum of $75,000. Gobel Decl. ¶

18   8; Exhibit D.

19     10. As such, this Notice of Removal is timely filed in that it has been filed

20   within thirty (30) days after receipt by COSTCO of an "other paper" (i.e.,

21   Plaintiff's response to discovery) on June 20, 2022, from which it could first be

22   ascertained that the case is removable, pursuant to 28 U.S.C. § 1446(b), and within

23   one year of the filing of the Complaint.

24   

## III. DIVERSITY JURISDICTION

25     11. Diversity is present when an action is between citizens of a state and

26   citizens or subjects of a foreign state, or between citizens of different states and in

27   which citizens or subjects of a foreign state are additional parties. 28 U.S.C. §

28   1332.

-3-

NOTICE OF REMOVAL OF STATE COURT ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)

*Left margin vertical text:* LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA 90017

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA 90017

12.     Citizenship of the parties in the State Court Action is determined by their citizenship status at the State Court Action's commencement. See <u>Mann v. City of Tucson</u>, 782 F.2d 790, 794 (9th Cir. 1986).

13.     To establish citizenship for diversity purposes, a natural person must first be a citizen of the United States and a domiciliary of one particular state. <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 828 (1989); <u>Kantor v. Wellesley Galleries, Ltd.</u>, 704 F.2d 1099, 1090 (9th Cir. 1983).

14.     Here, Plaintiff admitted in response to discovery that she is a citizen of the State of California and stated that she resides at 24921 Muirlands Blvd., Apt 36, Lake Forest, California 92630. Gobel Decl. ¶¶ 6 and 7; Exhibits C and D.

15.     For purposes of diversity, a corporation is considered a citizen of any state in which it is incorporated and where it has a principal place of business. 28 U.S.C. § 1332(c)(1).

16.     Defendant COSTCO both at the time this action was commenced and at the time it was removed to Federal Court, is a citizen of the State of Washington within the meaning of Section 1332(c)(1), because it was at all times a corporation formed under the laws of the State of Washington, and a citizen of the State of Washington because its corporate headquarters and principal executive offices, and thus its principal place of business, are located in Issaquah, Washington. Gobel Decl. ¶ 10.

17.     Defendants DOES 1 to 25 are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. The naming of said fictitious defendants does not destroy the diversity of citizenship between the parties in this action and are to be disregarded. 28 U.S.C. § 1441(a); <u>Newcombe v. Adolf Coors Co.</u>, 157 F.3d 686, 690-91 (9th Cir. 1998).

18.     As such, there is complete diversity of citizenship because this action is brought between citizens of different states under the definition of 28 U.S.C. §

-4-

1332.

## IV.    AMOUNT IN CONTROVERSY

19.    Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claim exceeds the jurisdictional minimum. Sanchez v. Monumental Life Ins. Co., 95 F.3d 856, 860-61 (9th Cir. 1996).

20.    In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.993, 1001 (C.D. Cal. 2002), citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability") and Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. Cohn v. Petsmart, Inc., 281 F.3d 837, 843 n.1 (9th Cir. 2002), citing Willingham v. Morgan, 395 U.S. 402, 407 n.3 (1969).

21.    In this case, Plaintiff's Complaint alleges that Plaintiff suffered injuries when she fell on the premises of the COSTCO's retail store located in Laguna Nigel, California on or about December 13, 2021. Complaint, ¶¶ 7, 19 and 31.

22.    Plaintiff's response to Interrogatory No. 6.4 states that she is seeking $104,158.22 for medical expenses. Gobel Decl. ¶ 8; Exhibit D. Plaintiff admitted in response to discovery that her actual damages because of the subject incident exceeds the sum of $75,000. Gobel Decl. ¶8; Exhibit D.

23.    As such, the amount in controversy as to Plaintiff's claims exceeds the jurisdictional amount of $75,000.

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA  90017

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA  90017

## V.   VENUE

24.   Venue of the State Court Action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a) and 1391(c) because this is the judicial district of this Court in which the action arose and where the causes of action arose.

25.   COSTCO will provide written notice of the filing of this Notice of Removal to adverse parties as required by 28 U.S.C. section 1446(d) and will file a copy with the Clerk of Court of the Superior Court of California, County of Orange. Gobel Decl. ¶ 10.

26.   COSTCO is currently represented by the undersigned attorney and agrees to this Notice of Removal.

WHEREFORE, Defendant COSTCO removes the above-entitled action now pending in the Superior Court of the State of California for the County of Orange to this Court, and that this Court assume full jurisdiction over this action as provided by law.

Dated:  June 22, 2022                 LAGASSE BRANCH BELL + KINKEAD LLP


By: _____
      Sevan Gobel, Esq.
      Attorneys for Defendant
      COSTCO WHOLESALE CORPORATION