LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA 90017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SARA ORTIZ,

                    Plaintiff,

     vs.

COSTCO WHOLESALE
CORPORATION and DOES 1 to 25,
Inclusive,

                  Defendants.

Case No. 8:22−cv−01207−JWH−DFM

*[Assigned to Hon. John W. Holcomb, District Judge, and Hon. Douglas F. McCormick, Magistrate Judge]*

DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE DOUGLAS F. MCCORMICK

**ORDER RE: STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION**

*State Action filed:  03/24/2022*

The Court, having received the STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION, executed by Plaintiff SARA ORTIZ ("Plaintiff") and Defendant COSTCO WHOLESALE CORPORATION ("Costco" or "Defendant," collectively "the Parties"), having considered the representations set forth therein, and finding good cause thereof, orders as follows:

/ / /

**PURSUANT TO STIPULATION AND FOR GOOD CAUSE SHOWN, A PROTECTIVE ORDER IS ENTERED AS FOLLOWS:**

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Court enters the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; the applicable Federal Rules of Civil Procedure and local rule must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.     DEFINITIONS**

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

/ / /

STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA 90017

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA  90017

1    2.5    Disclosure or Discovery Material:  all items or information, regardless

2  of the medium or manner in which it is generated, stored, or maintained (including,

3  among other things, testimony, transcripts, and tangible things), that are produced

4  or generated in disclosures or responses to discovery in this matter.

5    2.6    Expert:   a person with specialized knowledge or experience in a

6  matter pertinent to the litigation who has been retained by a Party or its counsel to

7  serve as an expert witness or as a consultant in this action.

8    2.7    House Counsel:  attorneys who are employees of a party to this action.

9  House Counsel does not include Outside Counsel of Record or any other outside

10  counsel.

11    2.8    Non-Party:  any natural person, partnership, corporation, association,

12  or other legal entity not named as a Party to this action.

13    2.9    Outside Counsel of Record:   attorneys who are not employees of a

14  party to this action but are retained to represent or advise a party to this action and

15  have appeared in this action on behalf of that party or are affiliated with a law firm

16  which has appeared on behalf of that party.

17    2.10   Party:  any party to this action, including all of its officers, directors,

18  employees, consultants, retained experts, and Outside Counsel of Record (and their

19  support staffs).

20    2.11   Producing Party: a Party or Non-Party that produces Disclosure or

21  Discovery Material in this action.

22    2.12   Professional Vendors: persons or entities that provide litigation

23  support services (e.g., photocopying, videotaping, translating, preparing exhibits or

24  demonstrations, and organizing, storing, or retrieving data in any form or medium)

25  and their employees and subcontractors.

26    2.13   Protected Material: any Disclosure or Discovery Material that is

27  designated as "CONFIDENTIAL."

28  / / /

1    2.14 Receiving Party: a Party that receives Disclosure or Discovery
2  Material from a Producing Party.

3  **3.     SCOPE**

4    The protections conferred by this Stipulation and Order cover not only
5  Protected Material (as defined above), but also (1) any information copied or
6  extracted from Protected Material; (2) all copies, excerpts, summaries, or
7  compilations of Protected Material; and (3) any testimony, conversations, or
8  presentations by Parties or their Counsel that might reveal Protected Material.
9  However, the protections conferred by this Stipulation and Order do not cover the
10 following information: (a) any information that is in the public domain at the time
11 of disclosure to a Receiving Party or becomes part of the public domain after its
12 disclosure to a Receiving Party as a result of publication not involving a violation
13 of this Order, including becoming part of the public record through trial or
14 otherwise; and (b) any information known to the Receiving Party prior to the
15 disclosure or obtained by the Receiving Party after the disclosure from a source
16 who obtained the information lawfully and under no obligation of confidentiality to
17 the Designating Party. Any use of Protected Material at trial shall be governed by a
18 separate agreement or order.

19 **4.     GOOD CAUSE STATEMENT**

20   This action is likely to involve trade secrets, internally developed policies
21 and procedures, confidential logs and business records, and other valuable
22 research, development, commercial, technical, or proprietary information for
23 which special protection from public disclosure and from use for any purpose other
24 than prosecution of this action is warranted. Such confidential and proprietary
25 materials and information consist of, among other things, confidential business or
26 financial information, information regarding confidential business practices
27 (including standards, procedures, and documents developed internally by the
28 parties), or other confidential research, development or commercial information

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA  90017

-21-

STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION

1    (including information implicating privacy rights of third parties), information

2    otherwise generally unavailable to the public, or which may be privileged or

3    otherwise protected from disclosure under state or federal statutes, court rules, case

4    decisions, or common law. Such information and documents include business

5    records and work logs developed, researched, drafted, created, and/or prepared

6    internally by the Parties for use in their business or trade; internal policies and

7    procedures; confidential communications, documents, or information involving

8    private or personal information of the parties or third parties; and/or documents

9    marked confidential and not made available for the public at large. Accordingly, to

10    expedite the flow of information, to facilitate the prompt resolution of disputes

11    over confidentiality of discovery materials, to adequately protect information the

12    parties are entitled to keep confidential, to ensure that the parties are permitted

13    reasonable necessary uses of such material in preparation for and in the conduct of

14    trial, to address their handling at the end of the litigation, and serves the ends of

15    justice, a protective order for such information is justified in this matter. It is the

16    intent of the Parties that information will not be designated as confidential for

17    tactical reasons and that nothing be so designated without a good faith belief that it

18    has been maintained in a confidential, non-public manner, and there is good cause

19    why it should not be part of the public record of this case.

20    **5.    DURATION**

21        Even after final disposition of this litigation, the confidentiality obligations

22    imposed by this Order shall remain in effect until a Designating Party agrees

23    otherwise in writing or a court order otherwise directs. Final disposition shall be

24    deemed to be the later of (1) dismissal of all claims and defenses in this action,

25    with or without prejudice; and (2) final judgment herein after the completion and

26    exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

27    including the time limits for filing any motions or applications for extension of

28    time pursuant to applicable law.

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA  90017

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA 90017

**6.     DESIGNATING PROTECTED MATERIAL**

6.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

6.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for

STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA  90017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

-24-
STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION

1      6.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

2  failure to designate qualified information or items does not, standing alone, waive

3  the Designating Party's right to secure protection under this Order for such

4  material. Upon timely correction of a designation, the Receiving Party must make

5  reasonable efforts to assure that the material is treated in accordance with the

6  provisions of this Order.

7  **7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8      7.1    Timing of Challenges.  Any Party or Non-Party may challenge a

9  designation of confidentiality at any time. Unless a prompt challenge to a

10 Designating Party's confidentiality designation is necessary to avoid foreseeable,

11 substantial unfairness, unnecessary economic burdens, or a significant disruption

12 or delay of the litigation, a Party does not waive its right to challenge a

13 confidentiality designation by electing not to mount a challenge promptly after the

14 original designation is disclosed.

15     7.2    Meet and Confer.  The Challenging Party shall initiate the dispute

16 resolution process by providing written notice of each designation it is challenging

17 and describing the basis for each challenge. To avoid ambiguity as to whether a

18 challenge has been made, the written notice must recite that the challenge to

19 confidentiality is being made in accordance with this specific paragraph of the

20 Protective Order. The parties shall attempt to resolve each challenge in good faith

21 and must begin the process by conferring directly (in voice to voice dialogue; other

22 forms of communication are not sufficient) within 14 days of the date of service of

23 notice. In conferring, the Challenging Party must explain the basis for its belief that

24 the confidentiality designation was not proper and must give the Designating Party

25 an opportunity to review the designated material, to reconsider the circumstances,

26 and, if no change in designation is offered, to explain the basis for the chosen

27 designation. A Challenging Party may proceed to the next stage of the challenge

28 process only if it has engaged in this meet and confer process first or establishes

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA  90017

STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA 90017

1    that the Designating Party is unwilling to participate in the meet and confer process

2    in a timely manner.

3         7.3    Judicial Intervention.  If the Parties cannot resolve a challenge without

4    court intervention, the Designating Party shall file and serve a motion to retain

5    confidentiality within 21 days of the initial notice of challenge or within 14 days of

6    the parties agreeing that the meet and confer process will not resolve their dispute,

7    whichever is earlier. Each such motion must be accompanied by a competent

8    declaration affirming that the movant has complied with the meet and confer

9    requirements imposed in the preceding paragraph. Failure by the Designating Party

10   to make such a motion including the required declaration within 21 days (or 14

11   days, if applicable) shall automatically waive the confidentiality designation for

12   each challenged designation. In addition, the Challenging Party may file a motion

13   challenging a confidentiality designation at any time if there is good cause for

14   doing so, including a challenge to the designation of a deposition transcript or any

15   portions thereof. Any motion brought pursuant to this provision must be

16   accompanied by a competent declaration affirming that the movant has complied

17   with the meet and confer requirements imposed by the preceding paragraph.

18        The burden of persuasion in any such challenge proceeding shall be on the

19   Designating Party. Frivolous challenges, and those made for an improper purpose

20   (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

21   expose the Challenging Party to sanctions. Unless the Designating Party has

22   waived the confidentiality designation by failing to file a motion to retain

23   confidentiality as described above, all parties shall continue to afford the material

24   in question the level of protection to which it is entitled under the Producing

25   Party's designation until the court rules on the challenge.

26   **8.    ACCESS TO AND USE OF PROTECTED MATERIAL**

27        8.1    Basic Principles. A Receiving Party may use Protected Material that is

28   disclosed or produced by another Party or by a Non-Party in connection with this

STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION

case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)   court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom

STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA 90017

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA 90017

disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 9.    PROTECTED    MATERIAL    SUBPOENAED    OR    ORDERED    PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be

-28-

STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION

1   affected.

2      If the Designating Party timely seeks a protective order, the Party served

3   with the subpoena or court order shall not produce any information designated in

4   this action as "CONFIDENTIAL" before a determination by the court from which

5   the subpoena or order issued, unless the Party has obtained the Designating Party's

6   permission. The Designating Party shall bear the burden and expense of seeking

7   protection in that court of its confidential material – and nothing in these

8   provisions should be construed as authorizing or encouraging a Receiving Party in

9   this action to disobey a lawful directive from another court.

10   **10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

11   **PRODUCED IN THIS LITIGATION**

12      (a)   The terms of this Order are applicable to information produced by a

13   Non-Party in this action and designated as "CONFIDENTIAL." Such information

14   produced by Non-Parties in connection with this litigation is protected by the

15   remedies and relief provided by this Order. Nothing in these provisions should be

16   construed as prohibiting a Non-Party from seeking additional protections.

17      (b)   In the event that a Party is required, by a valid discovery request, to

18   produce a Non-Party's confidential information in its possession, and the Party is

19   subject to an agreement with the Non-Party not to produce the Non-Party's

20   confidential information, then the Party shall:

21      (1)   promptly notify in writing the Requesting Party and the Non-

22      Party that some or all of the information requested is subject to a

23      confidentiality agreement with a Non-Party;

24      (2)   promptly provide the Non-Party with a copy of the Stipulated

25      Protective Order in this litigation, the relevant discovery request(s),

26      and a reasonably specific description of the information requested;

27      and

28      (3)   make the information requested available for inspection by the

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA 90017

-29-
STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION

1    Non-Party.

2    (c)  If the Non-Party fails to object or seek a protective order from this court

3    within 14 days of receiving the notice and accompanying information, the

4    Receiving Party may produce the Non-Party's confidential information responsive

5    to the discovery request. If the Non-Party timely seeks a protective order, the

6    Receiving Party shall not produce any information in its possession or control that

7    is subject to the confidentiality agreement with the Non-Party before a

8    determination by the court.   Absent a court order to the contrary, the Non-Party

9    shall bear the burden and expense of seeking protection in this court of its

10   Protected Material.

11   **11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

12   If a Receiving Party learns that, by inadvertence or otherwise, it has

13   disclosed Protected Material to any person or in any circumstance not authorized

14   under this Stipulated Protective Order, the Receiving Party must immediately (a)

15   notify in writing the Designating Party of the unauthorized disclosures, (b) use its

16   best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform

17   the person or persons to whom unauthorized disclosures were made of all the terms

18   of this Order, and (d) request such person or persons to execute the

19   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

20   A.

21   **12.    INADVERTENT        PRODUCTION        OF        PRIVILEGED        OR**

22   **OTHERWISE PROTECTED MATERIAL**

23   When a Producing Party gives notice to Receiving Parties that certain

24   inadvertently produced material is subject to a claim of privilege or other

25   protection, the obligations of the Receiving Parties are those set forth in Federal

26   Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

27   whatever procedure may be established in an e-discovery order that provides for

28   production without prior privilege review. Pursuant to Federal Rule of Evidence

502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 13.   MISCELLANEOUS

13.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Federal Rules of Civil Procedure and the applicable local rule. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Federal Rules of Civil Procedure and the applicable local rule, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Federal Rules of Civil Procedure and the applicable local rule is denied by the court, then the Receiving Party may file the information in the public record pursuant to Federal Rules of Civil Procedure and the applicable local rule unless otherwise instructed by the court.

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA  90017

-31-
STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION

**LAGASSE BRANCH BELL + KINKEAD LLP**
626 Wilshire Blvd, Suite 1000
Los Angeles, CA 90017

**14.   FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

**IT IS SO ORDERED.**

Dated: March 14, 2023

_____
Hon. Douglas F. McCormick,
United States Magistrate Judge

-32-
STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION